[No. 1948. Decided February 20, 1896.]

COMMERCIAL BANK OF TACOMA, *Appellant*, v. I. CHIL-
BERG *et al.*, *Defendants*, M. MOLVIG, *Trustee*, *Re-
spondent*.

FRAUDULENT CONVEYANCES — PRIORITY OF CHATTEL MORTGAGES.

The fact that one of two chattel mortgages which had been
drawn at the same time, covering the same property to secure *bona
fide* indebtedness to different parties, who were represented by one
agent in the transactions, was placed of record prior to the other
will not render such prior recorded mortgage fraudulent as against
the other mortgage.

Appeal from Superior Court, Pierce County— Hon.
JOHN C. STALLCUP, Judge.    Affirmed.

*F. Campbell* (*Crowley, Sullivan & Grosscup*, of coun-
sel), for appellants.

*N. C. Richards* (*Richard Saxe Jones*, of counsel), for
respondent.

The opinion of the court was delivered by

SCOTT, J.—This action was commenced by the
plaintiff to foreclose a chattel mortgage executed on the
30th day of January, 1894, by defendant Chilberg, to
secure a promissory note for $5,000 executed by him
as principal, and Michael Murphy and George W.
Boggs as sureties, to the plaintiff.    The mortgage ran
to the sureties, but was afterwards assigned to the
plaintiff.

At the time the action was commenced there was
another chattel mortgage on the property, which had
been filed for record on the same day as the plaintiff's
mortgage, one minute prior thereto.    This mort-
gage had been given to the defendant Wheeler to se-
cure the sum of $1,300, due from Chilberg to the Im-

perial Loan & Trust Company, and was subsequently assigned to the Tacoma Savings Bank. It bore the same date as the mortgage to the plaintiff. Molvig, as trustee for the Tacoma Savings Bank, was substituted as defendant in place of Wheeler, the mortgage having been given to Wheeler as agent for said Loan & Trust Company. The plaintiff contends upon the proofs that its mortgage was entitled to priority on the ground that the mortgage executed to Wheeler was fraudulent, and, if found not fraudulent, it is contended that the giving of the two mortgages was a simultaneous transaction and that they should stand upon the same footing, and the fund arising from a sale of the property should be apportioned accordingly. The lower court found against the plaintiff, and this appeal was taken.

It is not contended that the debt to the Loan & Trust Company was not a *bona fide* one, but it is claimed that the circumstances attending the giving of the mortgages were such that the mortgage given to secure that sum should be treated as fraudulent against the creditors of Chilberg. The only party complaining is the plaintiff. Both mortgages were drawn by the defendant Wheeler. The loan by the plaintiff to Chilberg, for which the note was executed, had been made some time prior to the execution of the mortgage, and at that time Wheeler was president of the plaintiff bank. Subsequently, Wheeler severed his relation with the bank as its president, and became president of the Imperial Loan & Trust Company, and was such president at the time both mortgages were executed. The loan also by the Loan & Trust Company had been made some time prior to the execution of the mortgage to secure it, and prior thereto another mortgage had been taken to secure the

same upon a portion of this same property, which was not recorded, and which, at the time the second mortgage was executed, was canceled.   It will thus be seen that the controversy between the parties is upon the proofs taken at the trial, there being nothing in the situation of the parties necessarily making the mortgage first filed for record fraudulent as against the plaintiff. The determination of this question has involved an examination of all of the proofs, and, after a consideration thereof, we are of the opinion that not enough appears to justify us in disturbing the findings made and decree rendered by the superior court, as we do not think that bad faith on the part of the respondents in the transactions was established, and are of the opinion that no fraud in fact was practiced upon the plaintiff in recording the respondent's mortgage first, but that the same was a legitimate transaction.

Affirmed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.